Carol Lynn Finklehoffe. CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
One Biscayne Tower, Suite 1776
Miami, FL 33131
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HANSEN,<br><br>     Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a corporation for profit,<br><br>     Defendant. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HOWARD HANSEN, bring this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS"), a for profit corporation, for personal injuries sustained by the Plaintiff HOWARD HANSEN and seeks compensatory damages, statutory attorney's fees and costs, and all other such relief provided under principles of negligence pursuant to the

LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
2 S Biscayne Boulevard, Suite 1776
MIAMI, FL 33131
TELEPHONE: (305)373-3016 FAX: (305)373-6204

General Maritime Law.

## Jurisdiction

1. This action is an action under general maritime law and the laws of California, as applicable.

2. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court..

3. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4. Defendant PRINCESS, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Purposefully availed themselves of the benefits of conducting

2

    activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

    e.    The acts of the Defendant set out in this Amended Complaint occurred in whole or in part in this state and/or county;

    f.    The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

## **The Parties**

5.    Plaintiff, HOWARD HANSEN, was and is a resident of Florida.

6.    At all times material, Defendant PRINCESS was and is a for profit corporation with its worldwide headquarters, principal address and principal place of business located in the County of Los Angeles.

7.    At all times material, Defendant PRINCESS was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

8.    At all times material, Defendant PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California and Fort Lauderdale, Florida.

9. At all times material, Defendant PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Caribbean Princess* ("the subject vessel").

10. At all times material, Defendant PRINCESS transported fare-paying passengers on cruises aboard its vessel *Sky Princess*.

## General Allegations Common to All Counts

11. At all times material, the Plaintiff HOWARD HANSEN was a fare paying passenger and lawfully aboard the vessel *Sky Princess*.

12. On or about December 25, 2021, the Plaintiff HOWARD HANSEN was injured due to a hidden hazardous condition and/or hidden step aboard the *Sky Princess* when he tripped and fell on the unreasonably hazardous single step hazard in the promenade where the piano is located.

13. The dangerous nature of the single step hazard and lack of warning of the step where the piano is located were not open and obvious and Defendant PRINCESS failed to properly warn the Plaintiff, HOWARD HANSEN, of these hazardous conditions. The step around the piano was also hidden in that it is the same color of the floor and décor around it making it camouflage into its surroundings.

14. These hazardous conditions were either created by the Defendant PRINCESS and its employees or had been in place for a sufficient period of time so that the Defendant PRINCESS knew or should have known about them through the exercise of reasonable care.

15. Alternatively, the Defendant PRINCESS and/or its employees, at all material times, undertook to maintain and operate the *Sky Princess* in reasonably safe manner, and thereby acquired a duty to exercise reasonable care in those undertakings.

16. As a result of the negligence of Defendant, their vessel and/or crew, the Plaintiff suffered serious, permanent and debilitating injuries, including but not limited to his left hip.

## COUNT I
## NEGLIGENCE FAILURE TO WARN AGAINST DEFENDANT

17. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 16, and alleges as follows:

18. At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff HOWARD HANSEN a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

19. Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

20. On or about December 25, 2021, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless

5
Plaintiff's Complaint and Demand for Jury Trial

by committing the following acts and/or omissions including but not limited to:

    a.    Failure to adequately warn passengers (including the Plaintiff) of the danger posed by the change in level/single step hazard in the middle of the promenade deck by the piano; and

    b.    Failure to warn passengers (including the Plaintiff) of the dangerous and hazardous condition(s) which caused Plaintiff to fall (the unmarked, hidden single step in the middle of the promenade); and

    c.    Failure to warn passengers (including the Plaintiff) of sudden and unexpected changes in level in the middle of the promenade deck; and

    d.    Failure to warn the Plaintiff of the risks and dangers associated with the single step hazards on the promenade deck by the piano, including but not limited to changes in level so that they were readily apparent to the Plaintiff and other passengers and not hidden and/or camouflaged; and

    e.    Failure to adequately warn the Plaintiff of other trip-and-fall accidents previously occurring on the same change in level/single step by the promenade piano area.

21.    At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

22.    At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff HOWARD HANSEN of the dangerous and hazardous condition which resulted in his injuries. Defendant

PRINCESS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff HOWARD HANSEN to be injured.

23. Defendant PRINCESS knew of the foregoing conditions causing Plaintiff HOWARD HANSEN'S accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

24. As a result of the negligence of Defendant PRINCESS, the Plaintiff HOWARD HANSEN was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff HOWARD HANSEN'S injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff HOWARD HANSEN will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff HOWARD HANSEN demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

## COUNT II
## <u>NEGLIGENCE FAILURE TO MAINTAIN AGAINST DEFENDANT</u>

25. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 16, and alleges as follows:

26. At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff HOWARD HANSEN a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

27. Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

28. On or about December 25, 2021, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

    a. Failure to adequately and regularly inspect the promenade deck near the piano to determine whether there were any trip hazards; and/or

    b. Failure to inspect the lighting around the nosing of the single step hazard in order to illuminate the danger and warn passengers of it; and/or

    c. Failure to place a color change on the nosing of the single step hazard so

8
Plaintiff's Complaint and Demand for Jury Trial

as to warn of the single step hazard in the middle of the promenade deck; and/or

d. Failure to maintain the area around the single step hazard adjacent to the piano so as to warn passenger, like the Plaintiff, of the single step hazard that was in the middle of the deck.

29. At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

30. At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff HOWARD HANSEN of the dangerous and hazardous condition which resulted in his injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff HOWARD HANSEN to be injured.

31. Defendant PRINCESS knew of the foregoing conditions causing Plaintiff HOWARD HANSEN'S accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

32. As a result of the negligence of Defendant PRINCESS, the Plaintiff HOWARD HANSEN was injured about his body and extremities, suffered physical

pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of Plaintiff HOWARD HANSEN'S injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff HOWARD HANSEN will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff HOWARD HANSEN demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

## COUNT III
## GENERAL NEGLIGENCE AGAINST DEFENDANT

33. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 16, and alleges as follows:

34. At all times material, Defendant PRINCESS through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed the Plaintiff HOWARD HANSEN a non-delegable duty to exercise reasonable care under the circumstances as required of an ocean common carrier for the safety of a fare-paying passenger.

35. Alternatively, at all material times, Defendant PRINCESS and/or their employees, engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

10
Plaintiff's Complaint and Demand for Jury Trial

36. On or about December 25, 2021, Defendant PRINCESS and/or its agents, servants, joint venturer's and/or employees, breached its duty to provide the Plaintiff with reasonable care under the circumstances, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

   a. Failure to adequately and regularly inspect the subject area for trip and fall hazards and/or single step hazards; and/or

   b. Failure to adequately and regularly monitor the subject area to maintain it free of trip hazards; and/or

   c. Failure to close off and/or place warning signs around single step hazards, including, the one adjacent to the piano; and/or

   d. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, and maintained free of single step hazards; and/or

   e. Failure to promulgate and/or enforce adequate policies and procedure to ensure that warning signs are places around areas containing single step hazards; and/or

   f. Failure to analyze prior trip-and-fall accidents aboard Defendant's vessels occluding the same area and/or type of single step hazard so as to remedy such hazardous conditions; and/or

   g. Failure to correct hazardous conditions following other trip and fall accidents in the same area and/or type of single step hazard; and/or

      h.      Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

37.      At all material times, Defendant PRINCESS had exclusive custody and control of the subject vessel.

38.      At all material times, Defendant PRINCESS negligently failed to determine, eliminate, modify, correct, or warn the Plaintiff HOWARD HANSEN of the dangerous and hazardous condition which resulted in his injuries. Defendant PRINCESS violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual and/or failed to properly implement the Safety Management System Manual aboard the vessel. All of which caused the Plaintiff HOWARD HANSEN to be injured.

39.      Defendant PRINCESS knew of the foregoing conditions causing Plaintiff HOWARD HANSEN'S accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant PRINCESS in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

40.      As a result of the negligence of Defendant PRINCESS, the Plaintiff HOWARD HANSEN was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care

12

and treatment of Plaintiff HOWARD HANSEN'S injuries and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff HOWARD HANSEN will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff HOWARD HANSEN demands judgment for all damages recoverable under the law against the Defendant PRINCESS and demands trial by jury.

### Prayer for Relief

WHEREFORE, the Plaintiff HOWARD HANSEN respectfully request the Court enter judgment in his favor and against the Defendant PRINCESS as follow:

1. To enter judgment in favor of the Plaintiff against Defendant PRINCESS on all causes of action as alleged herein;

2. To award compensatory damages in the amount to be ascertained at trial;

3. To award compensatory damages in the amount to be ascertained at trial;

4. To award costs of suit, as permitted by law;

5. For prejudgment interest according to proof; and

6. To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED: December 6, 2022.

13
Plaintiff's Complaint and Demand for Jury Trial

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff HOWARD HANSEN hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED:   December 6, 2022.

BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*